# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

AUGUSTUS FULTON-WILEY, IV,

      Plaintiff,

      v.

ALASKA HOUSING FINANCE
CORPORATION (AHFC), *et al.*,

      Defendants.

Case No. 3:26-cv-00256-SLG

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Before the Court at Docket 4 is Plaintiff Augustus Fulton-Wiley, IV's Motion for Temporary Restraining Order and Preliminary Injunction. Also before the Court at Docket 6 is Plaintiff's Motion for Expedited Consideration of the Motion for Temporary Restraining Order and Preliminary Injunction. The Motion for Expedited Consideration at Docket 6 is GRANTED, and the Court proceeds to consider the Motion for Temporary Restraining Order and Preliminary Injunction.

## BACKGROUND

Plaintiff is a 38-year-old participant of the U.S. Department of Housing and Urban Development ("HUD") Housing Choice Voucher ("HCV") administered by Defendant Alaska Housing Finance Corporation ("AHFC").[1] Plaintiff suffers from

---

[1] Docket 1 ¶ 5.

"severe, documented structural and neurological impairments" that "substantially limit major life activities, including walking, lifting, bending and sleeping."

On March 27, 2025, after verifying Plaintiff's disability status, AHFC issued Plaintiff a portable housing assistance voucher with an expiration date of July 25, 2025.[2] Despite Plaintiff's failure to timely request extensions prior to his voucher's expiration, AHFC granted two retroactive extensions to Plaintiff's housing voucher: first until October 23, 2025, then until February 10, 2026.[3]

Plaintiff alleges that on February 9, 2026, he timely submitted a request for another shopping extension for his portable housing assistance voucher.[4] On March 20, 2026, Defendant Mary Allen Gruben, a Program Supervisor at AFHC, retroactively terminated his housing assistance voucher effective February 11, 2026, stating that she had "not received a response" from Plaintiff's medical verifier.[5]

On March 30, 2026, Plaintiff requested an informal review of the termination.[6] According to Plaintiff, Ms. Gruber suggested that he withdraw his

---

[2] Docket 1 ¶¶ 5-6, 11; Docket 8 at 3.

[3] Docket 8 at 2-3.

[4] Docket 1 ¶ 18.  The Court notes that, according to the AFHC Internal Database Transaction Logs filed by Plaintiff, a timely request for an extension is "require[d] 5 days prior to voucher exp[iration]."  Docket 8 at 3.

[5] Docket 1 ¶¶ 21-20; Docket 5 at 2.

[6] Docket 1 ¶ 23; Docket 8 at 2.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 2 of 7

appeal,[7] and after Plaintiff refused, Ms. Gruber imposed a "punitive administrative freeze" on his file for 54 days until June 3, 2026.[8] Plaintiff alleges that Ms. Gruber represented that processing was delayed because of a lack of provider verification.[9]

On June 3, 2026, Ms. Gruber approved Plaintiff's request for a shopping extension until July 31, 2026.[10] However, this extension left Plaintiff with only 58 "unexpired shopping days" to use his voucher.[11] Plaintiff asserts that Defendants knew that the receiving housing authority in Florida required at least 60 unexpired shopping days to accept an incoming portability packet and that Ms. Gruber "mathematically engineered" the approval timeline to fall two days short of that threshold.[12]

On June 30, 2026, Plaintiff initiated this action by filing his Complaint.[13] Plaintiff brings seven claims against Defendants: (1) violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), for failure to accommodate and constructive denial;

---

[7] Docket 1 ¶ 24.

[8] Docket 1 ¶ 25.

[9] Docket 1 ¶¶ 26.

[10] Docket 5 at 2; Docket 1 ¶ 30.

[11] Docket 5 at 2; Docket 1 ¶ 30.

[12] Docket 1 ¶¶ 31–32; Docket 5 at 2 ("Public housing agencies operating under 24 C.F.R. § 982.355 enforce strict administrative rules requiring a minimum of 60 unexpired shopping days to accept and process an incoming portability file.").

[13] Docket 1.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 3 of 7

(2) violation of the Fair Housing Act's prohibition of retaliation and coercion under 42 U.S.C. § 3617; (3) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; (4) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and 24 C.F.R. § 8.4; (5) deprivation of procedural due process under 42 U.S.C. § 1983; (6) tortious interference with statutory property rights and economic advantage; and (7) state-law tort claims for fraudulent misrepresentation, concealment, and intentional infliction of emotional distress.[14] Plaintiff concurrently filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting the Court to "toll the expiration clock" on his housing voucher and "order Defendants to issue a compliant portability voucher with a forward-facing 120-day search clock."[15]

## DISCUSSION

Preliminary injunctive relief is "an extraordinary remedy never awarded as of right."[16] Plaintiffs seeking such relief must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.[17] The standard for obtaining a

---

[14] Docket 1 ¶¶ 34-48.

[15] Docket 5 at 4.

[16] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[17] 555 U.S. at 20.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 4 of 7

temporary restraining order is "substantially identical" to that for a preliminary injunction,[18] so the Court considers them together here. Under the Ninth Circuit's sliding-scale approach, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor.'"[19]

However, a mandatory injunction that "orders a responsible party to take action" "goes well beyond simply maintaining the status quo."[20] Therefore, when a plaintiff seeks mandatory relief, the standard for the first factor is "doubly demanding"; neither serious questions nor a showing of likelihood of success is sufficient.[21] Such relief is "particularly disfavored" and should not issue unless "the facts and law clearly favor the moving party."[22] Here, Plaintiff seeks mandatory relief, as he does not merely ask the Court to preserve the current status of his voucher. Instead, he asks the Court to toll the expiration clock and specifically order AHFC "to issue a . . . portability voucher with a forward-facing

---

[18] *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[19] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[20] *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

[21] *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc).

[22] *Id*.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 5 of 7

120-day search clock."[23]  That relief would require AHFC to take affirmative action and would alter, rather than preserve, the current status quo.

Plaintiff has not shown that the facts and law clearly favor that relief at this time.  The record indicates that Plaintiff has requested and received multiple extensions of the voucher from AHFC[24] and that most recently, after review, AHFC granted Plaintiff's latest extension request by extending his voucher expiration date to July 31, 2026.[25]  Plaintiff now seeks an order directing AHFC to give him another 120-day extension, but he has not shown that he has requested that additional extension from AHFC or that AHFC denied such a request.  Therefore, on the current record, Plaintiff has not shown that AHFC unlawfully denied the specific accommodation that he asks this Court to order.

Accordingly, Plaintiff has not demonstrated that "the facts and the law clearly favor" the mandatory injunctive relief he seeks.  Because Plaintiff has not satisfied the first *Winter* factor, the Court does not reach the remaining factors.[26]

---

[23] Docket 5 at 4.

[24] Docket 8 at 2-3.

[25] Docket 5 at 2.

[26] *See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013) (When "a plaintiff has failed to show the likelihood of success on the merits, we "need not consider the remaining three [*Winter* elements]." (alteration in original) (quoting *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776–77 (9th Cir.2011)).

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 6 of 7

**CONCLUSION**

Based on foregoing, Mr. Fulton Wiley's Motion for Temporary Restraining Order and Preliminary Injunction at Docket 4 is DENIED.

DATED this 8th day of July, 2026 at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. AHFC, et al.*
Order on Motion for Temporary Restraining Order and Preliminary Injunction
Page 7 of 7

Case 3:26-cv-00256-SLG     Document 12     Filed 07/08/26     Page 7 of 7