# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

AUGUSTUS FULTON-WILEY, IV,

      Plaintiff,

      v.

ALASKA HOUSING FINANCE
CORPORATION, *et al.,*

      Defendants.

Case No. 3:26-cv-00256-SLG

## ORDER RE PLAINTIFF'S PENDING MOTIONS

Pending before the Court are several motions filed by self-represented litigant Augustus Fulton-Wiley, IV (Plaintiff). Plaintiff filed this case on June 30, 2026.[1] At that time, he also filed a motion for leave to proceed without prepaying the filing fee at Docket 3. On July 7, 2026, the Court issued an order regarding Plaintiff's email submissions and pending motions.[2] On July 8, 2026, the Court issued an order denying Plaintiff's motion for preliminary injunctive relief.[3] On July 13, 2026, Plaintiff filed an emergency motion for leave to participate in electronic case filing at Docket 13 and an emergency supplemental memorandum of law in support of his motion for preliminary injunctive relief at Docket 14. On July 15, 2026, Plaintiff filed a Motion for Reconsideration seeking reconsideration of the

---

[1] Dockets 1-8.

[2] Docket 10.

[3] Docket 12.

Court's order denying Plaintiff's motion for preliminary injunctive relief and a Motion for Expedited Consideration of the Motion for Reconsideration.[4] On July 23, 2026, the Court granted Plaintiff's Motion for Expedited Reconsideration but denied Plaintiff's Motion for Reconsideration.[5] On July 29, 2026, Plaintiff filed a second Motion for Reconsideration, a Motion for Expedited Consideration of the second Motion for Reconsideration and a Notice of Interlocutory Appeal.[6]

The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.[7] However, an interlocutory appeal from an order denying a preliminary injunction does not divest the trial court of jurisdiction to continue with other phases of the case—only the aspects of the case involved in the appeal.[8] Here, the scope of the appeal is limited to a review of the Court's order at Docket 12 denying preliminary injunctive relief and the Court's order at Docket 18 denying reconsideration of that denial.[9]

Earlier today, on July 31, 2026, the Ninth Circuit issued an order staying the proceedings in the Ninth Circuit "until the district court rules on the timely tolling

---

[4] Dockets 16-17.

[5] Docket 18.

[6] Dockets 19-21.

[7] *United States v. Powell,* 24 F.3d 28, 31 (9th Cir. 1994) (emphasis omitted).

[8] *Britton v. Coop Banking Grp.,* 916 F.2d 1405, 1412 (9th Cir. 1990).

[9] Docket 21.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 2 of 7

Case 3:26-cv-00256-SLG     Document 24     Filed 07/31/26     Page 2 of 7

motion filed on July 29, 2026." Presumably that Court was referring to Plaintiff's second motion to reconsider the order denying preliminary injunctive relief. The Circuit's order also refers to post-judgment motions. No final judgment has been entered in this case at this time.

### I.    Plaintiff's Second Motion for Reconsideration

At Docket 19, Plaintiff filed a second Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(b), 60(b)(1) & (6), and Local Rule 7.3(h)(1) seeking relief from the Court's order at Docket 18 denying his first motion for reconsideration of the Court's order denying his request for a preliminary injunction at Docket 12. Plaintiff's motion at Docket 20 for emergency consideration of this second motion for reconsideration is GRANTED. This second motion for reconsideration was received from Plaintiff simultaneously with his Notice of Appeal. This renewed motion is DENIED because Plaintiff has not demonstrated a manifest error of the law or fact, the discovery of new material facts not previously available, or identified an intervening change in the law.[10]

Plaintiff's motion at Docket 14 is denied as moot, as it was addressed in the Court's order at Docket 18 but inadvertently left pending on the docket.

### II.    Electronic Filing

On July 15, Plaintiff filed a Notice of Consent to Procedure for Electronic Filing in accordance with the Court's order at Docket 10. Accordingly, Plaintiff's

---

[10] *See* District of Alaska Local Civil Rule 7.3(h).

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 3 of 7

motion at Docket 13 is granted to the extent that Plaintiff may send and receive filings via email. However, Plaintiff must not file documents through PACER online site using a non-attorney e-filing account.[11] Plaintiff may receive notices of electronic filings at service@fultonwiley.com and may email documents to the Court for filing to newcvcases@akd.uscourts.gov. All documents emailed to the Court must be attached to the email in PDF format and must not exceed 25 pages. Documents that do not conform to these requirements will not be docketed.

Once a filing is docketed, Plaintiff will receive a Notice of Electronic Filing (NEF) from the Court that will indicate when that document was filed and the docket number of the document in the electronic case file for the case. Self-represented litigants are not required to conventionally serve a copy of their filings on a party who is already receiving electronic service. In those instances, a NEF generated by the CM/ECF system will constitute sufficient service.

## III.    Service of the Complaint and Court-issued summons

The Court routinely screens civil complaints pursuant to 28 U.S.C. filed by self-represented non-prisoners who request permission to proceed *in forma pauperis* (IFP*), i.e.,* without paying the filing fee, in accordance with § 1915(e)(2).[12] However, Section 1915(e)(2) does not impose a duty to screen or review *before* service of summons. At this point, any challenge to the Complaint's

---

[11] *See* Alaska Local Civil Rules 5.1 and 5.3.

[12] *See* 28 U.S.C. § 1915.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 4 of 7

Case 3:26-cv-00256-SLG     Document 24     Filed 07/31/26     Page 4 of 7

sufficiency is better brought by Defendants, such that the Court can make its determination with the benefit of adversarial briefing. Accordingly, **within 90 days of the date of this order**, Plaintiff must complete initial service of the Complaint and the Court-issued summons in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure, and file with this Court proof that such service has been completed. The requirements of service are not considered met until proof of service is timely filed with the Court.[13]

The Clerk is directed to issue the summons forms at Docket 9. However, in addition to serving the summons and Complaint on the individual Defendants named on each form, Plaintiff must also serve Defendant Alaska Housing Finance Corporation. The Alaska Housing Finance Corporation (AHFC) is a public corporation and government instrumentality organized under the laws of Alaska.[14] Rule 4(j)(2)(A) of the Federal Rules of Civil Procedures dictates service of a complaint and summons on a state entity. Pursuant to that rule, service upon AHFC is accomplished by delivering a copy of the Complaint and Court-issued summons to AHFC's chief executive officer **or** by serving a copy of the summons and complaint "in the manner prescribed by [Alaska] law for serving a summons or like process on such a defendant."[15] Rule 4 of the Alaska Rules of Civil Procedure

---

[13] Fed. R. Civ. P. 4(l)(1).

[14] Alaska Stat. § 18.56.010.

[15] Fed. R. Civ. P. 4(j)(2).

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 5 of 7

governs service of process under state law; Rule 4(d)(9) provides for serving a public corporation and Rule 4(h) allows for service of process by restricted delivery registered or certified mail.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to proceed without paying the filing fee at **Docket 3 is GRANTED.**

2. Plaintiff's motion for electronic filing at **Docket 13 is GRANTED in part.** Plaintiff will receive notices of electronic filings in this case at service@fultonwiley.com. Plaintiff may email documents to the Court for filing to newcvcases@akd.uscourts.gov. Plaintiff must not file documents via PACER.

3. All documents emailed to the Court must be attached to the email in PDF format and must not exceed 25 pages. Documents that do not conform to these requirements or with the Federal Rules of Civil Procedure and the District of Alaska Local Civil Rules will not be docketed.

4. Plaintiff must ensure that service of process of the Complaint, the Court-issued summons, and a copy of this order is completed on each Defendant in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure **no later than ninety (90) days from the date of this order.**

5. The Clerk is directed to **issue the completed summons forms at Docket 9 and send Plaintiff one blank summons form.**

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 6 of 7

Case 3:26-cv-00256-SLG    Document 24    Filed 07/31/26    Page 6 of 7

6. Plaintiff must complete the summons form for AHFC and return it to the Court. If the summons has been properly completed, it will then be issued by the Clerk of Court for service.

7. If proof of proper service is not filed within **90 days** of the date of this order, the Court will dismiss this case without further notice to Plaintiff.

8. Plaintiff's motion at **Docket 14 is DENIED as moot.**

9. Plaintiff's motion for expedited consideration at **Docket 20 is GRANTED.** Plaintiff's second motion for reconsideration at **Docket 19 is DENIED.**

10. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[16] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

DATED this 31st day of July, 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[16] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:26-cv-00256-SLG, *Fulton-Wiley v. Alaska Housing Finance Corporation, et al.*
Order re Plaintiff's Email Filing & Pending Motions
Page 7 of 7
Case 3:26-cv-00256-SLG    Document 24    Filed 07/31/26    Page 7 of 7