**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| AUGUSTUS FULTON-WILEY, IV,<br><br>Plaintiff,<br>v.<br><br>ALASKA HOUSING FINANCE CORPORATION, *et al*.,<br><br>Defendants. | Case No. 3:26-cv-00256-SLG |

## ORDER ON FOUR PENDING MOTIONS

This order resolves four motions filed by self-represented Plaintiff Augustus Fulton-Wiley, IV.

1. At Docket 26 is Plaintiff's Motion for Appointment of Pro Bono Counsel Pursuant to 28 U.S.C. § 1915(e)(1). The motion is DENIED because Plaintiff has not made the showing of exceptional circumstances warranting the appointment of pro bono counsel. Plaintiff has shown he has sufficient ability to articulate his claims pro se in light of the complexity of the legal issues involved. And Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims at this stage of the litigation. *See Wilborn v. Escalderon*, 789 F. 2d 1328, 1331 (9th Cir. 1986). Further, at this time, the District Court of Alaska does not have volunteer attorneys willing to represent indigent plaintiffs in federal court cases on a pro bono basis.

2. At Docket 30 is Plaintiff's Notice and Request for Service of Process by the U.S. Marshals Service Pursuant to FRCP 4(c)(3). The Court's prior finding that Plaintiff may proceed without prepaying the Court's fees and costs in this action entitles him to service of process by the U.S. Marshal Service, pursuant to 28 U.S.C. § 1915(d). However, consistent with Miscellaneous General Order No. 769, the Court's staff has notified the Department of Law of the State of Alaska that this case has passed initial screening.[1] The Attorney General's Office will notify the Court if the Department of Law will accept service on behalf of the Defendants named in this action, or if formal service of process on Defendants by the U.S. Marshal Service is necessary.[2] To the extent formal process may be necessary, the Court GRANTS the motion at Docket 30. The Court will issue a notice in this action as to whether the Department of Law will accept service on behalf of Defendants promptly upon receipt of that information.

3. At Docket 33 is Plaintiff's Emergency Motion for Expedited Consideration Pursuant to Local Civil Rule 7.3(A) of his Motion for a 60-Day Extension of Time Under Fed. R. Civ. P. 4(m) and Renewed Motion for Order Directing Service of Process by the United States Marshals Service Pursuant to

---

[1] *In the Matter of Procedures for Service of Process in Prisoners' Civil Rights Actions,* Misc. Gen. Order No. 769 (D. Alaska Dec. 14, 1994), https://www.akd.uscourts.gov/sites/akd/files/MGO%20769.pdf. Although that Miscellaneous General Order only applies to state prisoners, Court staff reached out to attorneys at the Department of Law regarding acceptance of service of process in this case.

[2] 28 U.S.C. § 1915(d). *See also* Fed. R. Civ. P. 4(c)(3).

28 U.S.C. § 1915(D) and FED.R. CIV. P. 4(C)(3). The motion is GRANTED insofar as the Court is ruling on the underlying motion at this time.

4. At Docket 34 is Plaintiff's Motion for a 60-Day Extension of Time Under FED.R.CIV. P. 4(M) and Renewed Motion for Order Directing Service of Process by the United States Marshals Service Pursuant to 28 U.S.C. § 1915(D) and FED.R. CIV. P. 4(C)(3). The motion is GRANTED insofar as the time for the completion of service, if necessary, is extended for 60 days from the date of this order. The motion is denied insofar as the renewed request in the motion for the same relief sought by Plaintiff at Docket 30 is duplicative and unnecessary.

IT IS SO ORDERED this 3rd day of November 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE